UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : CASE NO. 3:01CR214(RNC) |
| | : |
| MICHAEL MORENO | : |

<u>ORDER MODIFYING TERM OF SUPERVISED RELEASE</u>

On July 12, 2002, this Court sentenced the defendant to a term of incarceration of thirty months to be followed by a term of supervised release of five years for possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Standard conditions of release set by the Court required, among other things, that the defendant not commit another federal, state or local crime.

On January 5, 2007, the defendant was ordered to show cause why his term of supervised release should not be revoked based on a petition filed by the probation office stating that he had violated the standard condition of his supervised release that he not commit another federal, state or local crime. On February 8, 2007, the defendant appeared with counsel for a hearing to determine if the term of supervised release should be revoked. At the hearing, the defendant admitted the violation. Based on the entire record, the Court found that the defendant had violated the foregoing condition of his supervised release and ordered that the defendant's term of supervised release be modified to include the following special conditions: (1) the defendant will be confined to his home for a period of 90 days with electronic monitoring. Defendant will make all arrangements for the electronic monitoring

and will pay the costs of electronic monitoring; and (2) the defendant will not enter any bar, nightclub or other establishment where the primary function is service of alcohol.

Accordingly, the defendant's term of supervised release is hereby modified to include the following special conditions: (1) the defendant will be confined to his home for a period of 90 days with electronic monitoring.  Defendant will make all arrangements for the electronic monitoring and will pay the costs of electronic monitoring; and (2) the defendant will not enter any bar, nightclub or other establishment where the primary function is service of alcohol.

So ordered.

Dated at Hartford, Connecticut this     day of February 2007.


            ____/s/_____
                Robert N. Chatigny
             United States District Judge